UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NAVEEN MYSORE PRAKASH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAVI TECHNOLOGIES, INC., et al., <br><br> Defendants. | No. C10-1845RSL <br><br> ORDER DENYING PLAINTIFF NAVEEN PRAKASH'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter comes before the Court on plaintiff Naveen Mysore Prakash's motion for partial summary judgment.[1] Dkt. #26. Prakash and Chetana Vivekanand Desai filed suit alleging breach of contract to pay wages; violation of the Fair Labor Standards Act ("FLSA") and Washington's Minimum Wage Act ("MWA"); violation of RCW 49.48.010 for failure to pay wages on termination; violation of RCW 49.52.050 and 49.52.070, the Wage Rebate Act ("WRA"); and violation of the Immigration and Nationality Act. Dkt. #12 (Am. Compl.) at 4-6. Prakash seeks a ruling on the FLSA, the MWA, and the WRA claims against defendant Savi Technologies, Inc., and seeks a ruling on the personal liability of defendants Ravi Prathipati and Jagadeesh Mupparaju under the MWA and the WRA. Id. at 2. Having reviewed

---

[1] The Court notes that both parties have violated Local Civ. R. 10(e) by filing memoranda that is not double spaced. See dkt. #26 (Mot.) at 2-5; dkt. #36 (Opp'n). The Court warns the parties that further violations of the Local Civil Rules may result in sanctions.

ORDER DENYING MOTION FOR
PARTIAL SUMMARY JUDGMENT - 1

the memoranda, declarations, exhibits, and the record herein, the Court DENIES Prakash's motion for partial summary judgment.

## II.   UNDISPUTED FACTS

Defendants Savi Technologies and Vigna, Inc. are Technology Solutions and IT staffing companies that place their computer employees with clients to provide technical support. Defendants Prathipati and Mupparaju are both owners, officers and shareholders of Savi Technologies. Defendant Prathipati recruited Prakash to work for Savi Technologies in 2007, and Savi Technologies agreed to sponsor Prakash in obtaining a work visa. In March 2007, Savi Technologies completed and submitted the visa application for Prakash. In September 2007, Prakash's visa application was approved, and on October 8, 2007, Savi Technologies hired him.[2] On behalf of Savi Technologies, Prakash began working for Boeing through another company, Ingenium, in November 2007. On April 5, 2009, Prakash terminated his employment with Savi Technologies to work directly for Ingenium. During his employment, Prakash's bi-monthly earnings fluctuated from $2,083.33 to $8,118.40, without regard to the number of hours he worked.[3] Defendants Prathipati and Mupparaju possessed and exercised the authority to determine when and what amount of compensation Savi Technologies would pay Prakash.

---

[2] The parties dispute Prakash's agreed rate of compensation. Defendants claim that he was hired at an annual salary of $60,000 until he was placed at Boeing in November 2007, at which time his compensation was raised to $120,000 per year. Prakash claims he was hired at an hourly wage of $64.80 per hour. Accordingly, genuine issues of material fact exist with respect to the agreed rate of compensation. Additionally, the Court DENIES defendant's motion to strike a letter by attorney Charles H. Kuck that was sent to attorney Jess Webster (dkt. #28 [Webster Decl.] ¶2, Ex. A). The letter is not hearsay because it was sent by Prathipati's attorney on behalf of Savi Technologies, and the letter can be properly authenticated at trial. Fed. R. Evid. 801(d)(2)(C), (D); see Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003) (court focuses on the admissibility of the evidence's content, not on the admissibility of the evidence's form at summary judgment stage). The Court GRANTS the motion to strike with respect to the last sentence in paragraph 2 which purports to summarize the contents of Mr. Kuck's letter. Dkt. #28 (Webster Decl.) ¶2.

[3] The Court notes that neither party provided the Court with earning statements, and the documents summarizing Prakash's earnings provided by Prakash and defendants are not identical. Accordingly, genuine issues of material fact exist with respect to the actual amount of money received by Prakash during certain pay periods.

ORDER DENYING MOTION FOR
PARTIAL SUMMARY JUDGMENT - 2

# III. ANALYSIS

## A. Legal Standard

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. Celotex Corp., 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The Court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150-51 (2000).

## B. The FLSA and the MWA

The FLSA and the MWA require employers to pay overtime compensation at one and a half times the regular rate when an employee works more than forty hours per week. 29 U.S.C. §207(a); RCW 49.46.130(1). This general rule is subject to several exemptions, which are to be narrowly construed against the employer. Mitchell v. Kentucky Finance Co., 359 U.S. 290, 295 (1959); see Berrocal v. Fernandez, 155 Wn. 2d 585, 599 (2005) ("exemptions from remedial legislation such as the MWA are 'narrowly construed and applied only to situations which are plainly and unmistakably consistent with the terms and spirit of the legislation'"). The employer has the burden of establishing that it is entitled to the exemption. Arnold v. Ben Kanowsky, Inc., 361 U.S. 388, 392 (1960); Berrocal, 155 Wn. 2d at 599.

Defendants argue that Prakash qualifies as an exempt employee under three exemptions: (1) the executive, administrative or professional exemption (29 U.S.C. §213(a); WAC 296-128-

500), (2) the computer professional exemption (29 C.F.R. 541.400; WAC 296-128-535), or (3) the highly compensated exemption (29 C.F.R. 541.601). However, all of these exemptions are subject to the salary basis test.[4] See 29 C.F.R. §§541.400(b), 541.601(b)(1), 541.602(a); WAC 296-128-532(1); WAC 296-128-535(a). Accordingly, defendants must demonstrate that Prakash meets the salary basis test.

Under the FLSA, an employee will be considered to be paid on a "salary basis" if

> the employee regularly receives each pay period on a weekly, or
> less frequent basis, a predetermined amount constituting all or part
> of the employee's compensation, which amount is not subject to
> reduction because of variations in the quality or quantity of the
> work performed. Subject to the exceptions provided in paragraph
> (b) of this section, an exempt employee must receive the full salary
> for any week in which the employee performs any work without
> regard to the number of days or hours worked.

29 C.F.R. §541.602(a). Similarly, under the MWA, "salary basis" means that an employee "regularly receives for each pay period of one week or longer (but not to exceed one month) a predetermined monetary amount (the salary) consisting of all or part of his or her compensation, which amount will not be less than required to be paid pursuant to WAC 296-128-510 through 296-128-530." WAC 296-128-532.

Defendants argue that Prakash was paid on a salary basis because he "was consistently and without interruption paid semi-monthly" and because his "semi-monthly salary was **never** reduced because of hours worked, vacation that was taken, or the quality of the work performed." Dkt. #36 (Opp'n) at 14 (emphasis in original). Defendants attempt to use the language "amount constituting all or part of the employee's compensation" to justify the varying amounts that were paid. Id. Prakash argues that he was not "regularly" paid a

---

[4] For purposes of this motion, Prakash concedes that issues of material fact exist with respect to the duties test.

ORDER DENYING MOTION FOR
PARTIAL SUMMARY JUDGMENT - 4

"predetermined" amount because his bi-monthly payments fluctuated from $2,083.33 to $7,081.60.[5] Dkt. #26 (Mot.) at 7-8.

To determine the meaning of a term in a statute, the Court looks to the common meaning of the word. Cleveland v. City of Los Angeles, 420 F.3d 981, 989 (9th Cir. 2005). "Where the statute's language is plain, the sole function of the courts is to enforce it according to its terms." Id. (internal citations omitted). If the statutory language is unambiguous and the statutory scheme is coherent and consistent, the inquiry must end. Id.

The Ninth Circuit has concluded that under the FLSA, "'predetermined amount' is defined as the amount that is '*regularly* received *each* pay period." Hurley v. State of Oregon, 27 F.3d 392, 395 (9th Cir. 1994) (emphasis in original). "That means a fixed amount paid during each of an indeterminate number of pay periods - not the amount paid for a single two- or four-week pay period." Id. The court reasoned that "a salary may also be established for a fixed period of reasonable duration" but that "under no circumstances can an amount established for one pay period only qualify as salary under the 'regularly received each pay period' standard." Id. Additionally, the ordinary and common meaning of "regularly" is "at regular time intervals" and "according to plan, custom, etc." Am. Heritage Dictionary of the English Language, Fourth Ed. (Houghton Mifflin Co. 2006). Id. "Regular" means "characterized by fixed principle [or] uniform procedure." Id.

Defendants have provided the Court with a summary of Prakash's bi-monthly annual salary during his employment. Dkt. #38 (Prathipati Decl.), Ex. G. Defendants concede that Prakash was paid fluctuating amounts each pay period that ranged from $2,083.33 to $8,118.40 based upon monthly cash flow. Id. ¶12. There is nothing regular or fixed about the varying amounts Prakash received every pay period. There was no guaranteed minimum he received every pay period. Prakash's compensation was subject to change at any given time depending on Savi Technologies's cash flow. As the Ninth Circuit has stated, "compensation that is *subject* to change by the employer at the end of each pay period is simply not a 'salary' - under

---

[5] The Court notes that Prakash's summary of earnings indicate that he received $8,118.40 for the period ending May 15, 2008. Dkt. #27, Ex. B.

ORDER DENYING MOTION FOR
PARTIAL SUMMARY JUDGMENT - 5

the applicable regulation or the plain meaning of that term." Hurley, 27 F.3d at 396 (emphasis in original).

Nevertheless, defendants argue that Prakash agreed to the fluctuating amounts based on cash flow. Dkt. #38 (Prathipati Decl.) ¶12. Even if Prakash did not dispute this purported fact, which he does (dkt. #49 (Prakash 2d Decl.) ¶3), courts have consistently held that an employee cannot waive his or her rights under the FLSA and the MWA. See e.g., Brooklyn Sav. Bank v. O'Neal, 324 U.S. 697, 707 (1945); Huntley v. Frito-Lay, Inc., 96 Wn. App. 398, 402 (1999). The Supreme Court has reasoned:

> The legislative history of the Fair Labor Standards Act shows an intent on the part of Congress to protect certain groups of the population from sub-standard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce. The statute was a recognition of the fact that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce. To accomplish this purpose standards of minimum wages and maximum hours were provided. . . . No one can doubt but that to allow waiver of statutory wages by agreement would nullify the purposes of the Act. We are of the opinion that the same policy considerations which forbid waiver of basic minimum and overtime wages under the Act also prohibit waiver of the employee's right to liquidated damages.

Brooklyn Sav., 324 U.S. at 706-07. The purported fact that Prakash earned an annual salary of $120,000 may make him an unsympathetic plaintiff who falls outside of the class of persons the FLSA was designed to protect. However, it does not change the fact that defendants have failed to demonstrate that Prakash "regularly receive[d] each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation." 29 C.F.R. §541.602(a); see WAC 296-128-532. The fact that the fluctuations in pay were not dependent on variations in the quality or quantity of the work performed does not change this result.

ORDER DENYING MOTION FOR
PARTIAL SUMMARY JUDGMENT - 6

The Court finds that defendants have failed to demonstrate a genuine issue of material fact regarding whether Prakash met the salary basis test under the FLSA or the MWA.[6] Accordingly, defendants have failed to demonstrate that Prakash was an exempt employee. Nevertheless, there are genuine, disputed issues of material fact regarding the amount of compensation to which Prakash and defendants agreed and the amounts that were paid every period. Accordingly, Prakash's motion for partial summary judgment on the FLSA and the MWA claim is DENIED.

**C.     The WRA**

Prakash argues that defendants violated the WRA because his compensation amounts were dictated by cash flow and payment received from clients. Dkt. #26 (Mot.) at 9. Defendants argue that they did not violate the WRA because there is a bona fide dispute regarding (1) whether Prakash "was a salaried employee exempt from overtime pay"; (2) "whether he was an hourly employee entitled to overtime pay"; (3) "whom is entitled to reimbursement and how much reimbursement is owed"; and (4) his compensation structure. Dkt. #36 (Opp'n) at 20.

The WRA provides: "Any employer or officer, vice principal or agent of any employer . . . who . . . [w]illfully and with intent to deprive the employee of any part of his wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract . . . shall be guilty of a misdemeanor." RCW 49.52.050. The Court has already found that a genuine issue of material fact exists with respect to the agreed amount of compensation. There also exists a genuine issue of material fact with respect to the amount Prakash was paid each pay period as the parties have provided summaries of his earnings that are not identical. The Court cannot determine whether defendants paid Prakash a lower wage than what they were obligated to pay pursuant to the agreement.

---

[6] Since defendants cannot demonstrate that Prakash met the salary basis test, the Court need not analyze whether he would be deemed exempt under the executive, administrative or professional exemption (29 U.S.C. §213(a); WAC 296-128-500), the computer professional exemption (29 C.F.R. 541.400; WAC 296-128-535), or the highly compensated exemption (29 C.F.R. 541.601).

ORDER DENYING MOTION FOR
PARTIAL SUMMARY JUDGMENT - 7

Accordingly, the Court DENIES Prakash's motion for partial summary judgment on the WRA claim.

### D. Personal Liability of Individual Defendants under the MWA and the WRA

The MWA and the WRA provide for personal liability of individual owners, officers or supervisors for willful withholding of wages. See RCW 49.46.010(4) (defining "employer"); RCW 49.52.070. However, the Court has denied summary judgment on the MWA and the WRA claims. Accordingly, summary judgment on personal liability of the individual defendants is also inappropriate. Accordingly, the motion for partial summary judgment regarding personal liability of the individual defendants is DENIED.

## IV. CONCLUSION

For all the foregoing reasons, the Court DENIES Prakash's motion for partial summary judgment.

DATED this 10th day of June, 2011.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR
PARTIAL SUMMARY JUDGMENT - 8