The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NAVEEN MYSORE PRAKASH and CHETANA VIVEKANAND DESAI,<br><br>Plaintiffs,<br><br>v.<br><br>SAVI TECHNOLOGIES, INC., VIGNA, INC., RAVI PRATHIPATI and JAGADEESH MUPPARAJU,<br><br>Defendants. | NO. 2:10-cv-01845-RSL<br><br>**DEFENDANTS' MOTION REQUESTING CERTIFICATION FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**<br><br>Noted for Hearing: July 29, 2011 |

## I. INTRODUCTION AND RELIEF REQUESTED

Defendants Savi Technologies, Inc., Vigna, Inc., Ravi Prathipati, and Jagadeesh Mupparaju respectfully submit this Request for Certification for Interlocutory Appeal of the Court's June 10, 2011 Order Deny Plaintiffs' Motion for Summary Judgment.

While the Court denied Plaintiffs' Motion for Summary Judgment, the Order expressly provided that there was no genuine issue of material fact whether Plaintiff Prakash met the salary basis test under the FLSA or the MWA, and as such, found that Prakash was not an exempt

DEFENDANTS' MOTION REQUESTING
CERTIFICATION FOR INTERLOCUTORY APPEAL
PURSUANT TO 28 U.S.C. § 1292(b) -1
NO. 2:10-cv-01845-RSL
{20750/T257790.DOC}

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

employee. The Court's Order effectively resolves liability in this case and only leaves the measure of damages to be litigated.

Defendants request certification to allow for the immediate appeal of the Court's determination that Plaintiff Prakash was not exempt under the executive, administrative, or professional exemption (29 U.S.C. § 213(a); WAC 296-128-500), the computer professional exemption (29 C.F.R. 541.400; WAC 296-128-535), or the highly compensated exemption (29 C.F.R. 541.601). The Court reasoned that since Defendants could not demonstrate that Prakash met the salary basis test, the Court need not analyze the above mentioned exemptions.

Defendants' request for certification focuses on two distinct portions of the Court's analysis concerning whether Prakash was an exempt employee: First, the Court's definition of the term "predetermined amount" as used in the salary basis analysis. Second, the Court's conclusion that Prakash was not an exempt employee under the computer professional exemption as set forth in WAC 296-128-535.

Respectfully, Defendants request certification to permit immediate appeal of the Court's determination of liability in order to avoid potentially unnecessary delay and expense required to make finding as to amount of damages if liability determination is ultimately reversed.

## II. STATEMENT OF FACTS

Savi Technologies and Vigna, Inc. are Technology Solutions and IT staffing companies. (Court Docket No. 38) Primarily, Savi Technologies and Vigna, Inc. place their computer

**DEFENDANTS' MOTION REQUESTING
CERTIFICATION FOR INTERLOCUTORY APPEAL
PURSUANT TO 28 U.S.C. § 1292(b) -2**
NO. 2:10-cv-01845-RSL
{20750/T257790.DOC}

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

employees with clients to provide technical support, including computer engineering and software development. Id.

Plaintiff Prakash came to Savi Technologies with extensive experience and training as a software aerospace engineer. (Court Docket No. 38) Savi Technologies agreed to sponsor Plaintiff Naveen's H-1B visa and hire him as a salaried employee. Id. Shortly after hiring Plaintiff Naveen, Savi Technologies agreed to increase his yearly compensation from $60,000.00 to $120,000.00 because Savi Technologies had obtained a lucrative contract to place Plaintiff Naveen at Boeing. Id. Prior to beginning work at Boeing, Savi Technologies and Plaintiff Naveen discussed and agreed that payment of Plaintiff Naveen's significant increase in yearly salary would be dependent on Savi Technologies' monthly cash flow. Id. However, Savi Technologies promised Plaintiff Naveen that regardless of the fluctuating semi-monthly payments, he would earn a yearly salary of $120,000.00. Plaintiff Naveen was aware of the payment structure and agreed to the same. Id.

On behalf of Savi Technologies, Plaintiff Naveen began working for Boeing (through Ingenium) in November 2007. (Court Docket No. 38) As promised, Plaintiff Naveen was paid twice monthly and received semi-monthly paychecks that ranged from $2,083.33 to $8,118.40 (or weekly salary of 1,041.67 to $4,059.20). Id.

In late March 2009, Plaintiff Naveen informed Ravi Prathipati that he was leaving Savi Technologies to take a position directly with Ingenium. (Court Docket No. 38) Plaintiff Naveen was helping Ingenium cut out the middle man -- in this case Savi Technologies. Id. Ingenium agreed to sponsor Plaintiff Naveen's H-1B application. Id.

**DEFENDANTS' MOTION REQUESTING
CERTIFICATION FOR INTERLOCUTORY APPEAL
PURSUANT TO 28 U.S.C. § 1292(b) -3**
NO. 2:10-cv-01845-RSL
{20750/T257790.DOC}

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

E.   **Procedural History**

On November 14, 2010, Plaintiffs filed the Complaint. (Court Docket No. 37) On December 22, 2010, Defendants Answered the Complaint. (Court Docket No. 15). Initial disclosures have been exchanged, and limited written discovery has been conducted. (Court Docket No. 37) A scheduling order was entered on January 13, 2011, and the trial date is currently set for March 5, 2012. (Court Docket No. 20) On April 14, 2011, Plaintiffs filed their Motion for Partial Summary Judgment. (Court Docket No. 26) The depositions of Defendants Jagadeesh Mupparaju and Ravi Prathipati were conducted on April 20, 2011 and April 21, 2011, respectively. (Court Docket No. 37) On May 2, 2011, Defendants offered their Response to Plaintiffs' Motion for Partial Summary Judgment (Court Docket No. 36), and on May 5, 2011, Plaintiffs submitted their Reply in Support of the same (Court Docket No. 47).

On June 10, 2011, the Court entered an Order Denying Plaintiffs' Motion for Partial Summary Judgment. (Court Docket No. 57). While the Court found that there were issues of material fact regarding the amount of compensation to which Prakash and Defendants agreed and the amounts there were paid every period, the Court resolved the issue of liability. The Court found that Defendants failed to demonstrate a genuine issue of material fact regarding whether Prakash met the salary basis test under the FLSA and MWA, and accordingly, the Court found that the Defendants' failed to demonstrate that Prakash was an exempt employee.

### III.   ISSUES PRESENTED

1.   Whether the Court should grant Certification, when definition of predetermined in the context of the facts of this case represents (1) a controlling questions of law, (2) issues where substantial grounds for

**DEFENDANTS' MOTION REQUESTING
CERTIFICATION FOR INTERLOCUTORY APPEAL
PURSUANT TO 28 U.S.C. § 1292(b) -4**
NO. 2:10-cv-01845-RSL
{20750/T257790 DOC}

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

difference of opinion, and (3) issues where immediate appeal may materially advance the ultimate termination of the litigation.

**ANSWER: YES**

2. Whether the Court should grant Certification, when the application of WAC 296-128-535 in the context of the facts of this case represents (1) a controlling questions of law, (2) issues where substantial grounds for difference of opinion, and (3) issues where immediate appeal may materially advance the ultimate termination of the litigation.

**ANSWER: YES**

## IV. EVIDENCE RELIED UPON

Plaintiff relies on the file and record herein, and the Declarations of Ravi Prathipati and Robin Williams Phillips and the exhibits thereto submitted in support of Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment.

## V. LEGAL AUTHORITY

A. **Legal Standard**

28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

**DEFENDANTS' MOTION REQUESTING
CERTIFICATION FOR INTERLOCUTORY APPEAL
PURSUANT TO 28 U.S.C. § 1292(b) -5**
NO. 2:10-cv-01845-RSL
{20750/T257790.DOC}

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

Section 1292(b) was intended primarily as a means of expediting litigation by permitting appellate consideration during the early stages of litigation of legal questions which, if decided in favor of the appellant, would end the lawsuit. United States v. Woodbury, 263 F.2d 784, 787 (9th Cir. 1959).

When a party seeks a § 1292(b) interlocutory appeal, the court of appeals must undertake a two-step analysis. First, the Appellate Court must determine whether the district court has properly found that the certification requirements of the statute have been met. In re Cement Antitrust Litig. (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir. 1981). These certification requirements are (1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation. Id. If the Appellate Court concludes that the requirements have been met, it may, but need not, exercise jurisdiction. Id. The second step in the review court's analysis is therefore to decide whether, in the exercise of the discretion granted by the statute, the Appellate Court wants to accept jurisdiction. Id.

While Congress did not specifically define what it meant by "controlling," the legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation. In re Cement, 673 F.2d at 1026; *see also* United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966). All that must be shown in order for a question to be "controlling" is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court. Id.

**DEFENDANTS' MOTION REQUESTING
CERTIFICATION FOR INTERLOCUTORY APPEAL
PURSUANT TO 28 U.S.C. § 1292(b) -6**
NO. 2:10-cv-01845-RSL
{20750/T257790.DOC}

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

### B. Plaintiff Prakash's Bi-Weekly Compensation was Predetermined

The Court held that Defendants did not meet the salary basis test because the bi-monthly payments to Prakash were not "predetermined" as provided by the rule. The Court reasoned that the payments were not predetermined because there was nothing regular or fixed about the varying amounts Prakash received each pay period. However, facts in the record established that (1) Prakash had an agreed upon yearly salary of $120,000; (2) Prakash received bi-monthly payments of no less than $2,083.33 over a two week period or $1,041.67 a week; (3) Prakash received bi-monthly payments were never reduced because of hours worked, vacation that was taken, or the quality of the work performed; and (4) Prakash agreed to the terms of the compensation he received.

The Court's conclusion that "regularly received each pay period" requires payments to be a fixed amount for each pay period appears contrary to the statutes intent since the payments received exceeded the statutory requirements to qualify for the exemption. The court in <u>Hurley v. State of Or.</u>, 27 F.3d 392, 395 (9th Cir. 1994), examined the issue of "predetermined" in the context of whether the employer could reduce the employee's agreed upon yearly salary by reducing the salary amount prospectively as a result of performance issues (i.e., violations of department policies). The court **did not** address whether an employer could take advantage of the exemption when it was paying its employee more that the statutory requirement for every pay period and did not reduce the employees payments because of hours worked, vacation that was taken, or the quality of the work performed.

**DEFENDANTS' MOTION REQUESTING
CERTIFICATION FOR INTERLOCUTORY APPEAL
PURSUANT TO 28 U.S.C. § 1292(b) -7**
NO. 2:10-cv-01845-RSL
{20750/T257790.DOC}

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

Even more, pursuant to 29 C.F.R. § 541.400(b), computer employees can be exempt under the professional exemption in 29 U.S.C. § 213(a)(1) if they meet the minimum salary requirements of $455.00 a week. The minimum salary requirement (i.e., the guaranteed minimum weekly payment amount) was set forth in the statute. The express terms of 29 C.F.R. § 541.400(b) provide adequate notice of the minimum salary requirement. Defendants set forth facts that Prakash had a yearly salary of $120,000. There is no dispute that Prakash was paid semi-monthly compensation that was **not** subject to reduction based on the "quality or quantity of the work performed." Finally, Defendants **always** paid Prakash more than 29 C.F.R. § 541.400(b)'s minimum salary requirement.

In Bergquist, the plaintiff argued that his personnel files contained evidence that he was not paid on a salary basis, but on an hourly one at a rate varying between $25.00 and $27.09 and never surpassing the mandatory minimum rate of $27.63. 399 F. Supp. 2d at 1332-33. However, based upon plaintiff's deposition, as well as other documentation in the record, the court found that plaintiff was a salaried employee. Id. at 1333. The court relied on that fact that from 2001 through 2004, plaintiff received more than the current minimum of $455 per week. Id. Indeed, during his deposition, plaintiff could not dispute that he ever received less than $1,000 per week for the period of 2001 through 2004. Id. Plaintiff admitted that from 2001 through 2004, he received his salary in predetermined amounts in either twenty-four or twenty-six pay periods. Id. The employee also acknowledged that his pay did not vary depending upon the quality of his work or the quantity of weekly hours worked. Id. Accordingly, the court found that the plaintiff's salary met the requirements for an exempt employee pursuant to 29 C.F.R. § 541.400(b). Id.

**DEFENDANTS' MOTION REQUESTING
CERTIFICATION FOR INTERLOCUTORY APPEAL
PURSUANT TO 28 U.S.C. § 1292(b) -8**
NO. 2:10-cv-01845-RSL
{20750/T257790.DOC}

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

### C. Plaintiff Prakash was Exempt Under WAC 296-128-535

WAC 296-128-535(1) provides that:

Any employee who is a computer system analyst, computer programmer, software engineer, software developer or other similarly skilled worker will be considered a "professional employee" and will be exempt from the minimum wage and overtime provisions of the Washington Minimum Wage Act if:

(a) Their primary duty is of one of the following:

    (i) Applying systems analysis techniques and procedures to determine hardware, software, or system functional specifications for any user of such services; or

    (ii) Following user or system design specifications to design, develop, document, analyze, create, test or modify any computer system, application or program, including prototypes; or

    (iii) Designing, documenting, testing, creating or modifying computer systems, applications or programs for machine operation systems; or

    (iv) Any combination of the above primary duties whose performance requires the same skill level; and

(b) Their rate of pay is at least $27.63 per hour.

The Court's Order reasoned that since Defendants could not demonstrate that Prakash met the salary basis test, the Court need not analyze WAC 296-128-535. However, this was in error because WAC 296-128-535 does not rely upon the application of the salary basis test, it employs a "rate of pay" analysis.

The Washington State Department of Labor and Industries, following the approach utilized under 29 C.F.R. § 778.114, permits "the regular rate of pay ... [to] be determined by dividing the amount of compensation received per week by *the total number of hours worked during that week.*"

DEFENDANTS' MOTION REQUESTING
CERTIFICATION FOR INTERLOCUTORY APPEAL
PURSUANT TO 28 U.S.C. § 1292(b) -9
NO. 2:10-cv-01845-RSL
{20750/T257790.DOC}

LASHER HOLZAPFEL SPERRY & EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

WAC 296-128-550 (emphasis added); Inniss v. Tandy Corp., 141 Wn.2d 517, 529, 7 P.3d 807, 814 (2000). The legislature intended to allow a broad and flexible interpretation of the term [regular rate] so long as the purposes of the MWA are satisfied. Inniss, 141 Wn.2d 517, at 532, 7 P.3d 807.

Here, the Court did not apply WAC 296-128-535 because it found that the Defendants did not meet the salary basis test; however, WAC 296-128-535 does not require Defendants to meet the salary basis test to take advantage of the exemption. In light of the high compensation paid to Prakash, the purpose of the MWA is satisfied.

### D. Defendants have Set Forth Facts and Questions of Law that Meet the Requirements of 28 U.S.C. § 1292(b)

The review of the definition of predetermined and the application of WAC 296-128-535 in the context of the facts of this case represents (1) a controlling questions of law, (2) issues where substantial grounds for difference of opinion, and (3) issues where immediate appeal may materially advance the ultimate termination of the litigation.

Allowing an interlocutory appeal would avoid protracted and expensive litigation. In addition, immediate appeal could materially affect the outcome of litigation here. There is substantial grounds for differences of opinion concerning the definition of predetermined. There have been limited cases analyzing the definition and there is a need for clarification of how the term is applied in the context of the salary basis test. The same can also be said for the application of WAC 296-128-535. Here, the Court foreclosed the application of the statute because it determined that it only applied if the employer met the salary basis test. This is not the case, and reflects substantial grounds for differences of opinion concerning the application of the exemption.

**DEFENDANTS' MOTION REQUESTING
CERTIFICATION FOR INTERLOCUTORY APPEAL
PURSUANT TO 28 U.S.C. § 1292(b)** -10
NO. 2:10-cv-01845-RSL
{20750/T257790.DOC}

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

The Court's determination on Plaintiffs' Motion for Summary Judgment eliminated Defendants' ability to challenge liability. The question of damages is all that is left. Significant time and money will be spent litigating a trial in this case, if Defendants are not provided an immediate appeal.

## VI. CONCLUSION

Defendants respectfully request that the Court grant Certification so that the Appellate Court may consider an Interlocutory Appeal of this Court's determination on Plaintiff Motion for Partial Summary Judgment. A proposed form of Order is submitted with this motion.

DATED this 8th day of July, 2011.

        LASHER HOLZAPFEL
        SPERRY & EBBERSON, P.L.L.C.


        By:_____/s/_____
         Robin Williams Phillips, WSBA #17947
         Attorney for Defendants

**DEFENDANTS' MOTION REQUESTING
CERTIFICATION FOR INTERLOCUTORY APPEAL
PURSUANT TO 28 U.S.C. § 1292(b)** -11
NO. 2:10-cv-01845-RSL
{20750/T257790.DOC}

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Jess G. Webster, WSBA #11402
Lafcadio H. Darling, WSBA #29963
MIKKELBORG BROZ WELLS FRYER, PLLC
1001 Fourth Avenue, Suite 3600
Seattle, WA 98154
(206) 623-5890
(206) 623-0965 (fax)

Ralph Crockett Pond
Aiken St. Louis & Siljeg, PS
801 2nd Ave, Suite 1200
Seattle, WA 98104-1571
(206) 654-1682
pond@aiken.com

LASHER HOLZAPFEL
SPERRY & EBBERSON, P.L.L.C.

By: _____/s/_____
Robin Williams Phillips, WSBA #17947
Attorney for Defendants

DEFENDANTS' MOTION REQUESTING
CERTIFICATION FOR INTERLOCUTORY APPEAL
PURSUANT TO 28 U.S.C. § 1292(b) -12
NO. 2:10-cv-01845-RSL
{20750/T257790.DOC}

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563