UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NAVEEN MYSORE PRAKASH, et al.,<br><br>Plaintiffs,<br>v.<br><br>SAVI TECHNOLOGIES, INC., et al.,<br><br>Defendants. | No. C10-1845RSL<br><br>ORDER DENYING DEFENDANTS' MOTION REQUESTING CERTIFICATION FOR INTERLOCUTORY APPEAL |

This matter comes before the Court on defendants Savi Technologies, Inc.'s, Vigna, Inc.'s, Ravi Prathipati's, and Jagadeesh Mupparaju's motion requesting certification for interlocutory appeal of the Court's June 10, 2011 Order (dkt. #57) pursuant to 28 U.S.C. § 1292(b). Dkt. #63. In the June 10, 2011 Order, the Court denied plaintiff Naveen Prakash's motion for partial summary judgment on his claims for violation of the Fair Labor Standards Act ("FLSA"), Washington's Minimum Wage Act ("MWA"), and the Wage Rebate Act ("WRA") against defendant Savi Technologies, Inc. Dkt. #57. The Court also denied Prakash's motion seeking personal liability of defendants Prathipati and Mupparaju under the MWA and the WRA. Id. However, the Court found that defendants failed to demonstrate that Prakash was an exempt employee because they failed to demonstrate a genuine issue of material fact regarding whether Prakash met the salary basis test under the FLSA or the MWA. Id. at 7. Defendants seek certification of two narrow issues: (1) the Court's definition of

ORDER DENYING DEFENDANTS' MOTION REQUESTING
CERTIFICATION FOR INTERLOCUTORY APPEAL - 1

"predetermined" with respect to his claims for violation of the FLSA, and the MWA and (2) the application of WAC 296-128-535.  Dkt. #63 (Mot.) at 4-5.

"Section 1292(b) provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals."  In re Cement Antitrust Litig., 673 F.2d 1020, 1025-26 (9th Cir. 1982).  Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. . . .

28 U.S.C. § 1292(b).  To grant certification, the district court must find that (1) there is a controlling question of law, (2) there is substantial grounds for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation.  In re Cement Antitrust Litig., 673 F.2d at 1026.  A question is "controlling" if resolution of the issue on appeal could materially affect the outcome of the litigation in the district court.  Id.

### 1.     Meaning of Predetermined

Defendants argue that there is substantial grounds for differences of opinion concerning the definition of predetermined because "[t]here have been limited cases analyzing the definition and there is a need for clarification of how the term is applied in the context of the salary basis test."  Dkt. #63 at 10.  However, the legislative history of section 1292(b) "indicates that it was to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation.  It was not intended merely to provide review of difficult rulings in hard cases."  U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966).  The meaning of "predetermined" is, at best, nothing more than an uncertain question of law relevant to only one of several causes of action alleged by two plaintiffs.  Id.

ORDER DENYING DEFENDANTS' MOTION REQUESTING
CERTIFICATION FOR INTERLOCUTORY APPEAL - 2

**2.     WAC 296-128-535**

Defendants argue that substantial grounds for differences of opinion concerning the computer professional exemption exist because the Court did not address this exemption. Dkt. #63 at 10. In the June 10, 2011 Order, the Court found that the computer professional exemption (WAC 296-128-535) was subject to the salary basis test. Dkt. #57 at 4. Defendants disagree and argue that "the Court's decision not to analyze WAC 296-128-535 was in error because WAC 296-128-535 does not rely upon the application of the salary basis test, it employs a 'rate of pay' analysis." Dkt. # 68 (Reply) at 5. Even if the Court considers the merits of the computer professional exemption, defendants fail to meet the certification requirements. The professional computer exemption requires, among other things, a "rate of pay" of at least $27.63 per hour. WAC 296-128-535(1)(b). Defendants agree that the "regular rate of pay" is determined by "dividing the amount of compensation received per week by the total number of hours worked during that week." WAC 296-128-550; dkt. #68 (Reply) at 6.[1] However, it is undisputed that Prakash was paid a "rate of pay" less than $27.63 per hour during some weeks. Dkt. #67 (Pond Decl.), Ex. B. Accordingly, whether Prakash is considered exempt under the computer professional exemption is not a controlling question of law and there is not substantial grounds for differences of opinion.

**3.     Conclusion**

For all the foregoing reasons, the Court DENIES defendants' motion requesting certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

DATED this 6th day of September, 2011.

*signature*
Robert S. Lasnik
United States District Judge

---

[1] The Court assumes, for purposes of this analysis, that the regular "rate of pay" may apply to both exempt and hourly employees.

ORDER DENYING DEFENDANTS' MOTION REQUESTING
CERTIFICATION FOR INTERLOCUTORY APPEAL - 3